IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01695-BNB

JOE A. WOOD,

    Applicant,

v.

MR. MILYARD, Sterling Corr. Fac., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 19 2007

GREGORY C. LANGHAM
                CLERK

## ORDER OF DISMISSAL

Applicant Joe A. Wood is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Sterling, Colorado, Correctional Facility. Mr. Wood initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On August 15, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Wood to show cause why the Application should not be denied for failure to exhaust state court remedies. On August 28, 2006, Mr. Wood filed a Response to the August 15, 2007, Order to Show Cause.

The Court must construe the Application and the Response liberally because Mr. Wood is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the Application and dismiss the action.

Mr. Wood sets forth two claims in the Application. In Claim One, Applicant asserts that, pursuant to **Blakely v. Washington**, 542 U.S. 296 (2004), his sentence is illegal. In Claim Two, Mr. Wood asserts that his rights were violated under the Interstate Agreement on Detainers (IAD) and his trial counsel and his appellate counsel were ineffective in not raising the IAD violation claim.

Before Mr. Wood may pursue his claims in this Court, he must exhaust state court remedies. **See Montez v. McKinna**, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented "to the highest state court, either by direct review of the conviction or in a postconviction action." **Dever v. Kansas State Penitentiary**, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." **Hernandez v. Starbuck**, 69 F.3d 1089, 1092 (10th Cir. 1995).

Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. **See Rose v. Lundy**, 455 U.S. 509, 522 (1982); **Harris v. Champion**, 48 F.3d 1127, 1133 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. **See Miranda v. Cooper**, 967 F.2d 392, 398 (10th Cir. 1992).

Mr. Wood contends that he raised the *Blakely* claim in his direct appeal. As for his ineffective assistance of counsel claim and the IAD violation claim, Applicant asserts that he has raised the claims in a Colo. R. Crim. P. 35 postconviction motion, but motion is pending in the Colorado Court of Appeals. Applicant also asserts he filed a writ of habeas corpus with the Colorado Supreme Court, in which he raised the IAD claim, but that the writ was denied.

As for Mr. Wood's assertion that he has filed a writ of habeas corpus petition with the Colorado Supreme Court, if a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946). Mr. Wood, therefore, has failed to exhaust his state court remedies with respect to his IAD and ineffective assistance of counsel claims.

Mr. Wood also asserts delay by the state in processing his IAD and ineffective assistance of counsel claims. Inexcusable or inordinate delay in state court proceedings may excuse a failure to exhaust state remedies. *See Harris*, 15 F.3d at 1555 (holding that inordinate delay in adjudicating a state defendant's direct criminal appeal could give rise to an independent due process violation). Mr. Wood's Rule 35

postconviction motion has been pending in state court since sometime after December 5, 2006, which at the time Applicant initiated the instant action was less than eight months and now is just over nine months. Even if *Harris* applies to this action, Applicant fails to allege any facts that demonstrate he has faced inexcusable or inordinate delay in pursuing his postconviction motion.

In his Response, Mr. Wood requests that the Court either (1) rule on each of the claims he raises, (2) grant relief in the claim that he properly presented to the Colorado Supreme Court and allow him to file a subsequent application with this Court to raise the currently unexhausted claims, or (3) dismiss the Application pending the highest state court's ruling on the remaining unexhausted claims. Because Mr. Wood may not be able to raise the presently unexhausted claims in a subsequent § 2254 action, the Court will dismiss the instant action without prejudice and allow Mr. Wood to exhaust his state court remedies in his remaining unexhausted claims. Accordingly, it is

ORDERED that the habeas corpus Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies in all claims.

DATED at Denver, Colorado, this 18 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01695-BNB

Joe A. Wood
Prisoner No. 118905
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9-19-7.

                              GREGORY C. LANGHAM, CLERK

                              By: _____
                                      Deputy Clerk